UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAY PARKER LUNT DRESSER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:18-cv-00172-DBH |
| | ) | |
| MUNICIPAL REVIEW COMMITTEE, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | | |

# RECOMMENDED DECISION UPON SCREENING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915A

In this action, Plaintiffs[1] challenge a plan by Defendants to convert municipal solid waste into energy at a facility in Hampden, Maine. (Complaint, ECF No. 1; Addendum to Complaint, ECF No. 4.)

Plaintiff Dresser filed an application to proceed in forma pauperis (ECF No. 9), which application the Court granted. (ECF Nos. 10/11.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiffs' complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiffs' complaint, I recommend the Court dismiss the complaint.

---

[1] The caption of the complaint reflects that Plaintiff Dresser has a personal interest in the action, and that he is sole proprietor of a business, Materials Recovery Solutions, which evidently also has an interest in the action. Plaintiff is at present detained or incarcerated at the Penobscot County Jail.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the

defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND

Through his complaint, which Plaintiff styles a "Motion for Writ of Error," Plaintiff evidently asks the Court to address certain issues related to the work of Defendant Municipal Review Committee and to appoint Plaintiff to a management or supervisory position to establish and monitor a more effective waste management plan. (Complaint at 1 – 3.) Through an addendum to the complaint, Plaintiff also attempts to assert a freedom of access or negligence claim. (Addendum at 1.) Plaintiff also references the National Environmental Policy Act (NEPA) and appears to assert a need for an environmental impact statement under the NEPA. (*Id.* at 2, 4.)

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011).

Through his filings, Plaintiff evidently challenges certain conduct of Defendants regarding the municipal solid waste management services provided in Maine. Plaintiff,

3

however, has not asserted any facts that would support a claim within this Court's subject matter jurisdiction.

Based on his allegations, Plaintiff appears to attempt to assert a state law negligence claim. Federal district courts do not have jurisdiction over a state law claim unless the claim is between citizens of different states and "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). For a court to exercise diversity jurisdiction, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). Here, insofar as both Plaintiffs and Defendant Municipal Review Committee are alleged to be residents of Maine, the claim is not within the Court's diversity jurisdiction.

In addition, to the extent Plaintiff's submissions can be construed to seek relief under the federal Freedom of Information Act, Plaintiff also fails to assert a claim within the Court's jurisdiction given that the Act applies to federal agencies, 5 U.S.C. § 551(1), and Defendants are not federal agencies. Finally, while a citizen may under some circumstances petition a federal court for judicial review of federal administrative agency decisions, including decisions under NEPA pertaining to the need for preparation of an environmental impact statement, 42 U.S.C. § 4332, *see*, *e.g.*, *Scarborough Citizens Protecting Res. v. U.S. Fish & Wildlife Serv.*, 674 F.3d 97, 102 (1st Cir. 2012), Plaintiffs have not identified any federal agency action that is ripe for judicial review.[2]

---

[2] On August 6, 2018, Plaintiff Dresser filed additional documents, which include certain grievances he has evidently submitted to the Penobscot County Sheriff's Office. (ECF No. 14.) I do not construe the filings to be the assertion of a claim in this action against the Sheriff or the Penobscot County Jail, nor do I consider the filings to be relevant to the claims asserted in Plaintiffs' complaint.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiffs' complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of August, 2018.